Cite as: 592 U. S. ____ (2020)            1

# SUPREME COURT OF THE UNITED STATES

ROGERS COUNTY BOARD OF TAX ROLL
CORRECTIONS, ET AL. *v.* VIDEO
GAMING TECHNOLOGIES, INC.

ON PETITION FOR WRIT OF CERTIORARI TO THE
SUPREME COURT OF OKLAHOMA

No. 19–1298.   Decided October 19, 2020

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, dissenting from the denial of certiorari.

Earlier this year, the Court "disregard[ed] the 'well settled' approach required by our precedents" and transformed half of Oklahoma into tribal land. *McGirt* v. *Oklahoma*, 591 U. S. ___, ___–___ (2020) (ROBERTS, C. J., dissenting) (slip op., at 1–2). That decision "profoundly destabilized the governance of eastern Oklahoma" and "create[d] significant uncertainty" about basic government functions like "taxation." *Ibid.* The least we could do now is mitigate some of that uncertainty.

This case presents a square conflict on an important question: Does federal law silently pre-empt state laws assessing taxes on ownership of electronic gambling equipment when that equipment is located on tribal land but owned by non-Indians? Here, the Oklahoma Supreme Court said yes. But a few years earlier, the Second Circuit said no. *Mashantucket Pequot Tribe* v. *Ledyard*, 722 F. 3d 457 (2013). This disagreement alone merits review.

"[T]axes are the life-blood of government, and their prompt and certain availability an imperious need." *Bull* v. *United States*, 295 U. S. 247, 259 (1935). By enjoining a tax on ownership of property, the Oklahoma Supreme Court has disrupted funding for schools, health departments, and law enforcement. And although this case concerns only electronic gambling equipment, it injects uncertainty about

whether state and local governments can tax the ownership of many other kinds of property located on millions of acres of now-tribal land.  The sooner localities in Oklahoma receive a clear answer, the sooner they can plan accordingly and avoid serious funding shortfalls.

   This case also presents an opportunity to clear up tension among courts about how to apply pre-emption principles at the intersection of federal law, state law, and tribal land.  This Court has created a "flexible" test for evaluating whether federal law implicitly pre-empts state taxation of non-Indians on tribal land.  *Cotton Petroleum Corp.* v. *New Mexico*, 490 U. S. 163, 176 (1989).  But our "flexible" test has provided little guidance other than that courts should balance federal, tribal, and state interests.  *White Mountain Apache Tribe* v. *Bracker*, 448 U. S. 136, 142, 144–145 (1980).  This vague test is no prescription for the "certain availability" of tax revenue.  *Bull*, 295 U. S., at 259.

   Because the Court declines to take up this case, geographical happenstance will continue to play an outsized role in a State's ability to raise revenues, and pre-emption law will remain amorphous.  "The State of Oklahoma deserves more respect under our Constitution's federal system" than we give it today.  *McGirt*, 591 U. S., at ___ (THOMAS, J., dissenting) (slip op., at 4).  I respectfully dissent from the Court's decision to deny certiorari.